IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CESAR GUILARDUCCI, JR.,                    §
                                           §
            Plaintiff,                     §
                                           §
v.                                         §        Civil Action No. 3:21-CV-1719-K
                                           §
ANTONY BLINKEN, Secretary of               §
State, *et al.*,                           §
                                           §
            Defendants.                    §

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for lack of subject-matter jurisdiction

filed by Defendants Antony Blinken (in his official capacity as Secretary of State), the

U.S. Department of State, the U.S. Department of Homeland Security, Merrick

Garland (in his official capacity as the Attorney General of the United States),

Alejandro Mayorkas (in his official capacity as the U.S. of Homeland Security), Ian G.

Brownlee (in his official capacity as the Acting Assistant Secretary of State for Consular

Affairs at the U.S. Department of State), and Scott Hamilton (in his official capacity

as Consul General at the U.S. Consulate in Rio de Janeiro, Brazil) (collectively,

"Defendants").  (Doc. No. 7).  Plaintiff did not file a response to this Motion and the

time to do so has expired.  The Court **GRANTS** the Motion as this case is moot and

the Court, therefore, lacks subject-matter jurisdiction over this matter.

ORDER – PAGE 1

On July 23, 2021, Plaintiff Cesar Guilarducci, Jr. ("Plaintiff") initiated this lawsuit asking the Court to compel Defendants to adjudicate the visa application of Plaintiff's fiancée.  Compl. (Doc. No. 1) at 1-2.  Plaintiff filed a Form I-129F, "Petition for Alien Fiancé" (the "Petition"), for his fiancée on December 18, 2019.  *Id.* at 1, ¶1; 4, ¶18.  The United States Citizenship and Immigration Services approved the Petition on March 25, 2020, and the Petition was then forwarded to the U.S. Department of State, National Visa Center.  *Id.*  As alleged in Plaintiff's Complaint, the National Visa Center did not, however, forward the Petition to the U.S. Consulate in Rio de Janeiro, Brazil for a fiancé interview as it should have done.  *Id.*   Plaintiff alleges the Defendants have "willfully and unreasonably delayed, and have refused to adjudicate" the Petition; therefore, Plaintiff asks the Court to order Defendants to adjudicate the Petition "in an expedited manner."  *Id.* at 5-6, ¶¶21-23, 26.

On July 21, 2021, two days before Plaintiff filed his Complaint, his Petition for his fiancée was transferred to the U.S. Consulate in Rio de Janeiro, Brazil.  App. in Supp. (Doc. No. 8) at 4, ¶5.  Furthermore, on September 2, 2021, Plaintiff's fiancée appeared for her interview at the U.S. Consulate in Rio de Janeiro.  *Id.*  The consular officer then refused the Petition because a medical examination and police certificate had not been submitted.  *Id.*; *see also* 8 U.S.C. § 1201(g) (provides that visa may not be issued to an alien if the applicant is ineligible under 8 U.S.C. § 1182, the application

ORDER – PAGE 2

does not comply with the relevant provisions or regulations, or the consular officer "knows or has reason to believe" that the applicant is ineligible to receive a visa). A police report was subsequently submitted on September 17, 2021. *Id.* at ¶6. If a medical examination is submitted, "the consular officer will reconsider the prior refusal." *Id.*

Federal Rule of Civil Procedure 12(b)(1) provides that an action may be dismissed for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Article III of the Constitution permits a federal court to exercise its judicial power over a matter in which there is a case or controversy. U.S. CONST. art. III, § 1. "As a general rule, 'any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot.'" *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (quoting *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 665, 661 (5th Cir. 2006)). A federal court has no jurisdiction under Article III to decide a matter that has become moot. *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004) ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.").

ORDER – PAGE 3

Based on the record before the Court, Defendants provided Plaintiff the relief he requested in his Complaint which renders this case moot. *Morehouse v. Jackson*, 614 F.App'x 159, 162-63 (5th Cir. 2015) (case becomes moot when the plaintiff receives the relief requested in his complaint); *see Env't Conservation Org.*, 529 F.3d at 527; *cf. Huseein v. Beecroft*, 782 F.App'x 437, 441-42 (6th Cir. Aug. 2, 2019) ("[P]laintiffs' claims became moot the moment the consular officer denied [the plaintiff's] visa petitions" because she was ineligible and, therefore, "the government [had] fully discharged its clear duty to adjudicate [her] visa application."). Without any evidence to the contrary, the Court concludes this case is moot as there is no actual controversy over which the Court may exercise its judicial power under Article III of the U.S. Constitution. *Liner*, 375 U.S. at 306 n.3; *In re Scruggs*, 392 F.3d at 128. Accordingly, the Court must and hereby does **dismiss** this case in its entirety for mootness. *Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978) ("If a controversy becomes moot at any time during the trial or appellate process, the court involved must dismiss the suit for want of jurisdiction.").

**SO ORDERED.**

Signed November 4th, 2021.

_Ed Kinkeade_
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE